UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA

v.  CASE NO. : 1:18-cr-11

JERRY WAYNE WILKERSON, *et al*

---

DEFENDANTS' JOINT
MOTION IN LIMINE REGARDING TELEMEDICINE WITH INCORPORATED
MEMORANDUM OF LAW

---

Defendants Jerry Wayne Wilkerson. Michael Chatfield, Kasey Nicholson, Billy Hindmon, and Jayson Montgomery, by and through undersigned counsel, hereby file this Motion in Limine for an Order of the Court limiting any testimony or information from being admitted into evidence and being presented to the jury regarding the use of telemedicine for the prescribing of the compounded medications, pursuant to Rules 401, 402, 403 and 702, Fed. R. Evid., and as grounds therefore, states the following:

### I. INTRODUCTION

1. The Government filed a Superseding Indictment against the Defendants on or about September 25, 2018, filed a Second Superseding Indictment (the "Indictment") on March 26, 2019, and a Third Superseding Indictment on May 29, 2019.

2. The Indictment alleges violations of 42 USC § 1320a-7b(b)(1) and (2) (Receipt and Payment of Illegal Remuneration);18 USC § 1347 (Health Care Fraud);18 USC §

1349 (Conspiracy to Commit Health Care Fraud); 18 USC § 1341 (Mail Fraud); 18 USC § 1343 (Wire Fraud); and, 18 USC § 1957 (Money Laundering).

3. The Indictment alleges that the Defendants, by and through companies referenced in the indictment, engaged in a scheme to defraud commercial and government health insurance plans by marketing compounded pharmaceuticals in violation of applicable laws.

4. The Defendants have filed a Motion to Dismiss and the Defendants anticipate that all or a portion of the Indictment will be dismissed pursuant to that Motion.

5. However, given the agreed upon schedule for filling motions, the Defendants must necessarily file this Joint Motion in Limine on the current Indictment without the benefit of the Court's adjudication of the currently pending Motion to Dismiss.

6. To the extent the currently pending motions overlap or conflict, the Defendants respectfully request that the Motion to Dismiss be adjudicated first, and any conflicting arguments herein be ignored.

## II. LEGAL ARGUMENT

7. Evidence which is irrelevant is inadmissible. R. 401 and 402, Fed. R. Evid.

8. Relevant evidence is still inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." R. 403, Fed. R. Evid.

9. Opinion evidence that is scientific or technical in nature should be proffered only by an expert witness pursuant to R. 702, Fed. R. Evid.

10. The primary criterion regarding the admissibility of evidence is relevancy to the matters to be adjudicated. *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 375 (6th Cir. 1983).

11. Only evidence that tends to make a fact of consequence more or less probable is relevant, and only relevant evidence is admissible. *Id.*; R. 401 and 410, Fed. R. Evid.; *See also United States v. Schrock*, 855 F.2d 327 (6th Cir. 1988).

12. Telemedicine, which is a physician-patient encounter accomplished by remote electronic communication, is expressly authorized by the relevant states' professional licensure laws. *See e.g.*, Tenn. Comp. R. & Regs. 0880-02-.16.; T.C.A. 56-7-1002.

13. Any assertion by the Government in this case that any prescriptions written by physicians or nurse practitioners for the compounded medications pursuant to non-compliant telemedicine encounters in no manner proves or disproves any element of any of the numerous charged crimes in the Indictment.

14. Whether the prescribers' practice of telemedicine was compliant with physician licensure guidelines or not does not affect the determination whether the alleged actions of Wilkerson constitute the crimes of wire fraud, mail fraud, health care fraud, illegal remuneration, or money laundering conspiracy.

15. Even if the telemedicine at issue was indeed non-compliant (a matter not conceded here), because such telemedicine is unrelated to any element of any crime alleged in the Indictment, it is irrelevant.

16. As well, even the Government would likely concede that proof at trial of compliant telemedicine is not a relevant defense to wire fraud, mail fraud, health care fraud, illegal remuneration, or money laundering conspiracy.

17. Furthermore, to the extent that non-compliant telemedicine is probative, it is inadmissible under R. 403, Fed. R. Evid. which excludes relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." R. 403, Fed. R. Evid.; *United States v. Schrock*, 855 F.2d at 333.

18. The probative value of the alleged insufficiency of the physicians' and nurse practitioners' prescribing is first, anecdotal; second, irrelevant; and third, overly prejudicial.

19. The Government has also not provided any notice of expert testimony in this case.

20. The Government is unable to prove that any prescribers practiced medicine beneath the required standard of care for professional licensure beyond anecdotal evidence of lay witnesses, which is inadmissible under R. 701(c), Fed. R. Evid. (prohibiting opinion testimony by a lay witness based on scientific, technical, or other specialized knowledge).

21. The prejudicial impact of such information would substantially outweigh any probative value.

22. Allegations regarding malfeasance of non-defendant physicians and nurse practitioners would likely confuse the jury.

23. Further, given that this trial is anticipated to last three to four weeks, the Government should not be permitted to needlessly waste time on irrelevant and inadmissible material relating to the acts or failures to act of the non-defendant physicians and nurse practitioners.

24. To suggest that the Defendants had ultimate control over medical professionals' practice of medicine would not only be inaccurate, it would be unfairly prejudicial towards the Defendants, and would confuse the jury as to what conduct is fraud— the fraud alleged in the Indictment or the fraud alleged in the non-defendants' practice of medicine.

25. Furthermore, the Government has provided no notice of an expert witness and would need such a witness in order for the jury to make a factual determination on whether or not the practice of medicine that led to the prescriptions at issue was valid.

26. As an example, the indictment states, "When a health care professional obtained information from the customer, that information was generally taken over the telephone; seldom did a customer/patient appear in person before a health care professional." [Doc. 131, Third Superseding Indictment, ¶3]. By implication, this

alleges that the prescriptions were void *ab initio*, and any medications compounded and dispensed from such non-conforming prescriber-patient encounters were illegal regardless of any of the Defendants' acts or failures to act.

27. The Indictment further alleges "JERRY WAYNE WILKERSON, employed health care professionals to approve the creams and medications thereby avoiding any independent determination by a health care professional in order to assess the medical necessity for the medications." *Id*. ¶15.

28. The Government's allegation that the employment of physicians and nurse practitioners *per se* eliminates their professional ability to properly diagnose and treat patients, or prescribe appropriate medications, is without factual basis; overly prejudicial; irrelevant as to whether Wilkerson or other defendants who did not employ any physicians or nurse practitioners committed any crimes; and, is likely to confuse the jury into believing that non-defendants' non-compliant telemedicine constitutes grounds to convict any of the Defendants of the unrelated charges in the Indictment.

29. The Indictment also alleges "the defendants did not reveal to the private health insurance providers or TRICARE that payments were being made to doctors, marketers, customers and other individuals involved in the submission of claims for reimbursement for compounded drugs as set forth above, or that the health care professionals employed by defendant JERRY WAYNE WILKERSON had not

fully examined and treated the customers prior to prescribing the compounded drugs. *Id*. ¶16.

30. The Government's allegation that the Defendants committed crimes by not informing any health plans that some of the patients had been treated by telemedicine is erroneous; overly prejudicial; and irrelevant as to whether the Defendants committed mail fraud, wire fraud, health care fraud, received or paid illegal remuneration, or laundered money.

31. Whether the prescribers utilized telemedicine or not does not impact any element of any of the crimes in the 178 counts that are charged in the Indictment.

### III. SUMMARY

32. The allegations of non-complaint telemedicine by some of the prescribers is not probative as to the allegations in the Indictment and will serve only to confuse the jury and unduly prejudice the Defendants.

WHEREFORE, the Defendants move this Court for an Order prohibiting any testimony or information that the utilization of non-compliant telemedicine is an element of any crime alleged in this case, pursuant to R. 401, 402, 403, and 702, Fed. R. Evid.

RESPECTFULLY SUBMITTED this 18th day of June, 2019.

*s/ Mark S. Thomas*

Mark S. Thomas
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
(855) 629-7101 (fax)
mark@thomashlg.com
Counsel for Defendant Jerry Wayne Wilkerson

*s/ David M. Eldridge*

DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010
*Attorneys for Michael Chatfield*

*s/ Brian L. O'Shaughnessy*

BRIAN L. O'SHAUGHNESSY (BPR #025991)
O'SHAUGHNESSY & CARTER, PLLC
735 Broad Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 267-3807
*Attorney for Kasey Nicholson*

*s/ Gianna Maio*

GIANNA MAIO, (BPR #024579)
FEDERAL DEFENDER SERVICES OF
EASTERN TENNESSEE
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
(423) 756-4349
*Attorney for Billy Hindmon*

*s/ R. Dee Hobbs*

R. DEE HOBBS, (BPR #10482)
P.O. Box 11308
Chattanooga, Tennessee 37401
(423) 266-6461 (Phone)
(423) 756-8521 (Fax)
*Attorney for Jayson Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This 18th day of June, 2019.

*s/ David M. Eldridge*

DAVID M. ELDRIDGE