UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CR-11 |
| | ) | |
| JERRY WAYNE WILKERSON, | ) | JUDGES MATTICE/STEGER |
| MICHAEL CHATFIELD, | ) | |
| KASEY NICHOLSON, | ) | |
| BILLY HINDMON, and | ) | |
| JAYSON MONTGOMERY | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION *IN LIMINE* TO PROHIBIT CHARACTERIZATION OF REMUNERATION AS "KICKBACK"

Comes now the Defendants, Jerry Wayne Wilkerson, Michael Chatfield, Kasey Nicholson, Billy Hindmon, and Jayson Montgomery, by and through counsel, and pursuant to Fed. R. Evid. 403, U.S. Const. art. III §2, U.S. Const. amend. VI. move this Court to prohibit the United States from referring to remuneration allegedly received or paid by the Defendants as "kickbacks."

As grounds, Defendants would state the following:

1. The Oxford English Dictionary recognizes informal usage of the term "kickback" to mean "an illicit payment made to someone in return for facilitating a transaction or appointment." Whereas remuneration may be used as a neutral term, the word kickback carries a strong negative connotation. Use of the locution "kickback" at trial is conclusive and prejudicial.

2. Use of the term lacks any probative value, as any number of less prejudicial

1

synonyms may be employed to refer to remuneration allegedly paid or received by Defendants. As shown in paragraph 1 above, the term is prejudicial. Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Further, the United States has filed a second superseding indictment in this case providing a "statement of the essential facts constituting the offense charge," and was able to do so without a single reference to "kickbacks." Fed. R. Crim Pro. Rule 7(c)(1).

3. Whether any remuneration received or paid by Defendants was in fact a kickback, as referred to in 42 U.S.C. §1320a-7b(b)(1), is a matter to be determined by the jury. U.S. Const. art. III §2 and U.S. Const. amend. VI.

4. Fundamental to a fair trial is the presumption of innocence. *See Coffin v. U.S*., 156 U.S. 432 (1895). Where the United States labels remuneration allegedly paid or received in the instant case as a kickback, it is clearly expressing belief that illicit payment has been made, and thusly is denying the Defendants' presumption of innocence. Likewise, use of the term in reference to the Defendants at trial expresses to the jury that a crime has been committed and, by implication, the Defendants are guilty before the conclusion of the trial.

5. Use of the term shifts the burden of proof to the Defendants who must then prove that a kickback did not occur.

6. "[It] is unprofessional conduct for the prosecutor to express his or her personal belief

or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." *U.S. v. Young*, 470 U.S. 1 at 8 (1985), *quoting* ABA Standards for Criminal Justice 3-5.8(b)(2d ed. 1980). Were a prosecutor to label remuneration allegedly paid or received by a defendant as a kickback, the prosecutor would be speaking to the character and credibility of that defendant.

Wherefore, Defendants respectfully moves this Court prohibit the United States from concluding that remuneration in the instant case constitutes kickbacks, before the jury has the opportunity to determine the correct nature of such remuneration. Further, Defendants respectfully moves this Court to prohibit use of the term at trial to avoid prejudice and permit a fair trial.

Respectfully submitted,

Thomas Health Law Group, PA

*/s/ Mark S. Thomas*
Mark S. Thomas
Florida Bar No. 0001716
Attorney for Jerry Wayne Wilkerson
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
352-372-9990
855-629-7101 (fax)

Eldridge & Blakney PC
*/s/ David Eldridge*
David Eldridge, BPR 012408
Zachary R. Walden, BPR 035376
Attorneys for Michael Chatfield
400 W. Church Avenue
Knoxville, TN 37902
865-544-2010

3

O'Shaughnessy & Carter, PLLC

*/s/ Brian L. O'Shaughnessy*
Brian L. O'Shaughnessy, BPR 025991
Attorney for Kacey Nicholson
735 Broad St., Suite 1000
Chattanooga, TN 37402
423-267-3807
423-267-3823 (fax)

Federal Defender Services of E.TN, Inc.

/s/Gianna Maio
Gianna Maio, BPR 024579
Attorney for Billy Hindmon
One Central Plaza, Suite 600+
835 Georgia Avenue
Chattanooga, TN 37402
423-756-4349
423-756-4345 (fax)

R. Dee Hobbs

/s/R. Dee Hobbs
R. Dee Hobbs, BPR 10482
701 Market Street, Suite 1217
Chattanooga, TN 37402
(423) 266-6461

Certificate of Service

    I hereby certify that on this 18th day of June 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                              */s/ Brian L. O'Shaughnessy*
                              Brian L. O'Shaughnessy, BPR 025991