UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Docket No. 1:18-CR-11 |
| | JUDGE MATTICE |
| **JERRY WAYNE WILKERSON,** | MAGISTRATE JUDGE STEGER |
| **MICHAEL CHATFIELD,** | |
| **KASEY NICHOLSON,** | |
| **BILLY HINDMON, and** | |
| **JAYSON MONTGOMERY** | |
| **Defendants.** | |

### DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PROHIBIT IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

Comes now the Defendants, Michael Chatfield, Jerry Wayne Wilkerson, Kasey Nicholson, Billy Hindmon, and Jayson Montgomery, and replies to the government's response to the defendants' motion in limine. [Doc. 181].

The government contends that it is somehow relevant to the allegations of fraud if patients (who the government characterizes as customers) believe their treatment was effective and whether they would pay for the creams out of pocket. The government goes as far as to argue that "[i]f the cost of the creams were slight, the probative value would be lessened. If the efficacy of the creams was miraculous, and they were used to treat serious conditions, the probative value would be lessened." [Doc. 181, Government's Response, p. 6].

This argument represents the government's severe misunderstanding of the elements of the crimes charged. Whether the creams worked and whether the creams were costly are

Page 1 of 5

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PROHIBIT IREELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

Case 1:18-cr-00011-HSM-CHS   Document 191   Filed 07/09/19   Page 1 of 5   PageID #: 981

immaterial to the underlying charges of fraud. Either the defendants conspired and/or participated in a scheme and artifice to defraud by means of false and fraudulent pretenses to obtain money or they did not. But those actions could be proven with cheap and effective drugs or with expensive and useless drugs. It makes no difference.

The defendants are not health care providers or pharmacists. They are simply marketers. They do not invent chemical formulas nor do they prescribe them. Even if the creams did not work effectively, the government would need to prove that the defendants knew that they were ineffective when the defendants have no such expertise nor should they be expected to have such expertise.

The government contends that the patient is the best person to offer an opinion on the efficacy of the creams, that they can attest to how much they are worth, and how they compare to over-the-counter treatment options.

First, under the government's theory, it would be flawed for the patients to offer an opinion as to the effectiveness of creams. The government asserts that these patients were never properly evaluated by a medical professional before being prescribed creams. If the government is correct, then the government is offering the testimony of patients who perhaps did not have a condition treatable by the creams they were prescribed, or perhaps had an allergy to an ingredient. This would require extensive medical expert testimony that neither the government nor the defendants intend to offer.

Second, the patients' statements that they would not pay for expensive creams out of pocket is unsurprising but is more relevant to a commentary on the high price of healthcare in

this country. Many individuals would not pay for prescriptions out of pocket unless they are lifesaving because prescription drugs are not affordable. This case is not the appropriate forum to discuss the exorbitant cost of healthcare nor is it an accurate way to gauge whether the defendants committed fraud.

Third, patients should not be permitted to testify a comparison between a cream and another product. This is clearly the type of testimony reserved for experts.

The testimony of patients with no expertise is unqualified, unreliable, unnecessary, and overly prejudicial and should be excluded under Fed. R. Evid. 401, 402, and 403. The defendants respectfully request this Court grant their motion to exclude such evidence.

Respectfully submitted this 9th day of July, 2019.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010
*Attorneys for Michael Chatfield*

*s/Mark S. Thomas*
MARK S. THOMAS
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
*Attorney for Jerry Wayne Wilkerson*

Page 3 of 5

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PROHIBIT IREELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

Case 1:18-cr-00011-HSM-CHS   Document 191   Filed 07/09/19   Page 3 of 5   PageID #: 983

*s/ Brian L. O'Shaughnessy*

BRIAN L. O'SHAUGHNESSY (BPR #025991)
O'SHAUGHNESSY & CARTER, PLLC
735 Broad Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 267-3807
*Attorney for Kasey Nicholson*

*s/ Gianna Maio*

GIANNA MAIO, (BPR #024579)
FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
(423) 756-4349
*Attorney for Billy Hindmon*

*s/ R. Dee Hobbs*

R. DEE HOBBS, (BPR #10482)
P.O. Box 11308
Chattanooga, Tennessee 37401
(423) 266-6461 (Phone)
(423) 756-8521 (Fax)
*Attorney for Jayson Montgomery*

Page 4 of 5

REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PROHIBIT IREELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

Case 1:18-cr-00011-HSM-CHS   Document 191   Filed 07/09/19   Page 4 of 5   PageID #: 984

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

  This 9th day of July, 2019.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE