UNITED STATES DISTRICT COURT
EASTERN DISTRICT of TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 1:18-cr-11 |
| JERRY WAYNE WILKERSON, ) | Judge Mattice |
| MICHAEL CHATFIELD, ) | |
| KASEY NICHOLSON, ) | |
| BILLY HINDMON, and ) | |
| JAYSON MONTGOMERY ) | |

## SUPPLEMENTAL BRIEF

COMES NOW the United States of America by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and Perry H. Piper and Franklin P. Clark, Assistant United States Attorneys, and offers this Supplemental Brief in support of its motion *in limine* requesting permission to have to case agents present during trial.

Background

The Third Superseding Indictment is loosely divided between offenses that affected private insurance companies and offenses that affected Tricare, a health care program serving uniformed military service members and their families. Likewise, the investigation that led to this indictment was divided between Agent Brian Kriplean with the Food and Drug Administration and Agent Erik Srock with the Department of Defense Office of the Inspector General. As noted, Agent Kriplean investigated the private insurance claims, and Agent Srock investigated the Tricare claims, though their investigations often found some overlap. (R. 243, Motion at 1299.)

As the Court is aware, the trial of this matter will require several weeks and will involve numerous witnesses and exhibits. Agent Kriplean is the designated representative for the United

States under Rule 615(b), Federal Rules of Evidence. Because of the lengthy proof and volume of evidence expected here, the United States moved the Court to allow a second agent to remain in the courtroom during the trial. (R. 243, Motion, 1299-1301.) The Court has requested additional briefing, and the United States hereby presents that additional briefing.

*Agent Srock is essential to the presentation of the Tricare fraud.*

In its original motion, the United States cited *United States v. Phibbs*, a Sixth Circuit opinion affirming a district court's decision to allow a second agent to join the government's Rule 615(b) designee. (R. 243, Motion at 1300.) Phibbs was one of thirteen defendants charged in a cocaine distribution conspiracy and was one of five defendants that went to trial on that indictment. *Phibbs*, 999 F.2d 1053, 1062. The investigation that led to Phibbs's indictment involved multiple law enforcement agencies, covered at least two federal judicial districts, and produced extensive evidence in support of the defendants' guilt. *Id*. at 1072. The district court expected that the trial would last a month. *Id*. at 1073. The United States designated the agent from the Eastern District of Tennessee as its Rule 615(b) representative and, to present an effective case against Phibbs and the four defendants at trial, moved the district court to recognize the agent from the Eastern District of Kentucky as essential, pursuant to then Federal Rule of Evidence Rule 615(3). *Id*. at 1072.[1] The district court granted that motion. *Id*.

And the Court of Appeals affirmed. First, the appeals court recognized,

> The district court followed our procedure, as set out in *United States v. Pulley*, 922 F.2d 1283 (6th Cir.), *cert. denied*, *Pulley v. United States*, 112 S. Ct. 61 (1991), to be used when the government seeks to have two agent-witnesses in the courtroom for assistance. Rule 615(2) affords the government the right to designate only one representative for such a purpose. *Id*. at 1286. However, certain prosecutions may be complex enough that the aid of more than one law enforcement officer is needed to sort through extensive, technical evidence, and to help "map out strategy." *See United*

---

[1] The current rule, Rule 615(c), Federal Rules of Evidence, effectively mirrors the language of Rule 615(3).

> *States v. Martin*, 920 F.2d 393, 397 (6th Cir. 1990). When the
> government wants to have two agent-witnesses in attendance
> throughout a trial, "it is always free to designate one agent as its
> representative under subpart (2) [to Rule 615] and to try to show
> under subpart (3) that the presence of the second agent is 'essential'
> to the presentation of its case." *Pulley*, 922 F.2d at 1286.

*Id.* However, the Sixth Circuit further observed, "Demonstrating that an additional agent is, in fact, 'essential' is no easy task." *Id.* at 1073 (footnote omitted). Though the appellate court was concerned with "fabrication, inaccuracy, and collusion," "exceptions [to Rule 615] are narrowly defined." *Id.* Thus, an "essential" witness is one "who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." *Id.* (quoting the Advisory Committee Notes to Rule 615). The district court correctly recognized the second agent as "essential" based on the length of the trial and the volume of evidence expected. *Id.* Moreover, the second agent "was intimately familiar with portions of the evidence, was also needed to advise the government in its handling of the prosecution . . . , [and was] responsible for distinct aspects of a far-flung investigation." *Id.* Thus, allowing a second agent "was not an abuse of discretion." *Id.*; *see also United States v. Mahney*, 949 F.2d 1397, 1404 (6th Cir. 1991) ("The decision to permit a witness to remain in the courtroom is within the discretion of the trial judge and should not normally be disturbed on appeal." (quotations omitted)). In addition, the *Phibbs* court affirmed the trial court's careful direction that neither agent would remain for the other's testimony. *Phibbs*, 999 F.2d at 1073.

Here, Agent Srock is equally a witness essential to aid the presentation of the case against the defendants at trial. As in *Phibbs*, this trial is expected to last a month and will involve a significant quantum of evidence. Unlike *Phibbs*, which was limited to a single, though complex, narcotics distribution conspiracy, this case involves multifaceted schemes to defraud insurance companies and Tricare of remuneration meant for legitimate health care expenses. Agent Srock

was responsible for different aspects of the investigation and he is familiar with distinct facts necessary to the government's case-in-chief.

The designation of a second agent as essential is supported by decisions from district courts handling similar cases. In a health care fraud and money laundering conspiracy charged in the Eastern District of Michigan, the district court followed the reasoning of *Phibbs* to designate a second agent as essential. *United States v. Castro-Ramirez*, No. 2:09cr20215 (E.D. Mich. Feb. 24, 2010), at R. 250, Opinion & Order, *available at* 2010 U.S. Dist. LEXIS 16151 and 2010 WL 745047. The district court allowed the second agent in Castro-Ramirez's trial due to the complexity of the Medicare fraud and scheme, the enormous amount of documentary evidence, and the fact of a joint investigation between different agencies. *Id*. In a Medicare fraud action in the District of Kansas, the district court allowed a second agent to remain in the courtroom based only on the complexity of the offense, though the second agent was not going to be a witness at trial. *United States v. White-Kinchion*, No. 11-40023-JTM (D. Kan. Apr. 25, 2013) at R. 97, Memorandum and Order, *available at* 2013 U.S. Dist. LEXIS 59201 and 2013 WL 1776710.

WHEREFORE, the United States continues in its motion to designate Agent Srock as an essential witness, which would allow him to be present during the trial of this case.

                                                Respectfully submitted,

                                                J. DOUGLAS OVERBEY
                                                United States Attorney

By:    *s/Perry H. Piper*
        PERRY H. PIPER, BPR #013384
        Assistant U.S. Attorney
        1110 Market Street, Suite 515
        Chattanooga, Tennessee 37402
        (423) 752-5140
        Perry.Piper@usdoj.gov