UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **Docket No. 1:18-CR-11** |
| | **JUDGE MATTICE** |
| **JERRY WAYNE WILKERSON,** | **MAGISTRATE JUDGE STEGER** |
| **MICHAEL CHATFIELD,** | |
| **KASEY NICHOLSON,** | |
| **BILLY HINDMON, and** | |
| **JAYSON MONTGOMERY** | |
| **Defendants.** | |

### DEFENDANTS' JOINT BRIEFING ON FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

Come now the Defendants, Jerry Wayne Wilkerson, Michael Chatfield, Kasey Nicholson, Billy Hindmon, and Jayson Montgomery, by and through undersigned counsel and, pursuant to this Court's oral order on September 18, 2019, provides the following brief.

**Memorandum of Law**

I. **FRE 801(d)(2)(E) requires the Government to lay foundation before co-conspirator statements can be admitted.**

Hearsay is a statement that the declarant does not make while testifying at the current trial or hearing and is offered to prove the truth of the matter asserted. FRE 801(c). However, a statement is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." FRE 801(d)(2)(E).

"Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the

definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The Court must making a finding that "(1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009). The Sixth Circuit refers to this foundational determination as an "*Enright* finding." See *United States v. Young*, 847 F.3d 328, 352 (6th Cir. 2017). The Court must make an *Enright* finding by a preponderance of the evidence. *United States v. White,* 58 Fed.Appx. 610, 614 (6th Cir. 2003); *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

The offering party—in this case, the Government—has the burden of showing each of the three prerequisites of an *Enright* finding. *United States v. White*, 58 Fed.Appx. 610, 614 (6th Cir. 2003). See *United States v. Johnson*, 299 F.Supp. 3d 909, 921 (M.D. Tenn. 2018); See also *United States v. Kone*, 307 F.3d 430, 442 (6th Cir. 2002). The Court may "require the government to meet its initial burden by producing the non-hearsay evidence of conspiracy first prior to making the *Enright* finding." *United States v. Johnson*, F.Supp.3d 909, 921 (M.D. Tenn. 2018) (quoting *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979).

The Court is obligated to make specific, factual findings that the prerequisites have been met for an *Enright* finding. *United States v. Warman*, 578 F.3d 320, 336 (6th Cir. 2009) (stating "the court is tasked with making specific findings on each of the Rule 801(d)(2)(E) elements with respect to the contested statements"). Conclusory statements from the Court may not be upheld by the Sixth Circuit. *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009); *United States v. Curro*, 847 F.2d 325, 329 (6th Cir. 1988). Failure to make an *Enright* finding to admit statements over an 801(d)(2)(E) objection will result in a trial being remanded. *United States v. Warman*, 578

F.3d 320, 335 (6th Cir. 2009); *United States v. Conrad*, 908 F.2d 85, 91 (6th Cir. 1990); *United States v. Mahar*, F.2d 1477, 1494-95 (6th Cir. 1986); *United States v. Castro*, 908 F.2d 85, 91 (6th Cir. 1990).

II. **The Court must determine by a preponderance of the evidence that an unlawful conspiracy existed.**

The Court must first find that a conspiracy existed by a preponderance of the evidence—the first *Enright* prerequisite. *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009). To find a conspiracy, the government must prove that a defendant (or declarant) was aware of the conspiracy's object and voluntarily associated with the conspiracy to further its objectives. *United States v. Young*, 847 F.3d 328, 353 (6th Cir. 2017). The elements of conspiracy include an agreement to violate the law. *See United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007).

III. **The Court must use sufficient evidence to determine that a declarant and a defendant are co-conspirators.**

"Before hearsay statements of a co-conspirator can be entered into evidence, a defendant's participation in the conspiracy must be established." *United States v. Clark*, 18 F.3d 1337, 1341 (6th Cir. 1994); *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). The government may not rely on an alleged co-conspirator's statement alone to make a showing of the *Enright* requirements. Out-of-court statements are presumed to be unreliable. *Bourjaily v. United States*, 483 U.S. 171, 179 (1987). The Sixth Circuit requires a showing of "some sufficiently corroborating evidence" to overcome the presumed unreliability of hearsay. *United States v. Clark*, 18 F.3d 1337, 1342 (6th Cir. 1994).

## IV. Statements must be in *furtherance* of a conspiracy.

"A statement is in 'furtherance of a conspiracy' if it is intended to promote the 'objectives of the conspiracy.'" *United States v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009) (citations omitted). Statements of "mere idle chatter or casual conversation about past events is not considered a statement furtherance of a conspiracy." *United States v. Darwich*, 337 F.3d 645, 657 (6th Cir. 2003) (favorably citing *United States v. Foster*, 711 F.2d 871, 880 (9th Cir. 1983) for the proposing that "mere narrative declarations" without the intent to induce assistance for the conspiracy do not qualify under the strict requirements of FRE 801(d)(2)(E)); *United States v. Tocco*, 200 F.3d 401, 419 (6th Cir. 2000). "Whether a statement was in furtherance of a conspiracy turns on the context in which it was made and the intent of the declarant in making it." *United States v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009).

In *Darwich*, the Sixth Circuit held that co-conspirators statements regarding how much marijuana they bagged on the previous night were not "in furtherance of a conspiracy," and it was an error for the court to rely on the statements as evidence. *United States v. Darwich*, 337 F.3d 645 (6th Cir. 2003).

Statements made after a conspiracy has ended are not admissible under FRE 801(d)2(E). *See United States v. Conrad*, 507 F.3d 424, 430 (6th Cir. 2007) ("[O]ut-of-court statements made *after* the conclusion of the conspiracy are not made 'in furtherance of the conspiracy,' and are thus not admissible under the co-conspirator exception." (emphasis in original)). "A conspiracy is completed when the intended purpose of the conspiracy is accomplished." *United States v. Mayes*, 512 F.2d 637, 642 (6th Cir. 1975). The Sixth Circuit has consistently held that attempts to conceal a conspiracy after the conspiracy has been completed or abandoned does not extend the

life of the conspiracy or serve as a subsidiary phase of the conspiracy, and such statements would not satisfy the third *Enright* finding. *United States v. Christian*, 893 F.3d 846 (6th Cir. 2018) (vacated for review *en banc* on other grounds) (holding that the district court abused its discretion when admitting a phone call into evidence where an alleged co-conspirator is told to be grateful that the defendant assisted in removing evidence from his home because the statements were recounting a past event after the conspiracy had ended); *See United States v. Howard*, 770 F.2d 57, 60 (6th Cir. 1985) (the Supreme Court rejected "the notion that after the central objectives of a criminal conspiracy have succeeded or failed, a subsidiary phase of the conspiracy, which has the conspiracy's concealment as its sole objective, always survives.") *See also United States v. Etheridge*, 424 F.2d 951, 964 (6th Cir. 1970) ("If the central object of the conspiracy has been accomplished, evidence of subsequent events designed to conceal that accomplishment cannot be presented under the theory that there was an implied conspiracy to conceal the completed crime."); *See also Grunewald v. United States*, 353 U.S. 391, 401-02 (1957) ("[A]fter the central criminal purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept a secret and that the conspirators took care to cover up their crime in order to escape detection and punishment.").

**V.** **Statements made by co-defendants that are not made in furtherance of a conspiracy involving other co-defendants are inadmissible as to the other co-defendants.**

If the Government offers a defendant's statement as a party opponent-admission, that evidence is not admissible as to the other co-defendants in a joint trial. *United States v. Chan*,

2018 U.S. Dist. LEXIS 105204 at *5-*6 (D. Mass. June 23, 2018); *See also Rodiak v. State,* 55 P.3d 1, 4 (Wyo. 2002) ("An out of court statement by one defendant may not be hearsay as to him, but in a joint trial, care must be taken in admitting such evidence because the statement may be hearsay as to the other defendant."); *See also United States v. DeLeon,* 287 F.Supp. 3d 1187 (D.N.M. 2018). In a jury trial, a limiting instruction is a possible remedy. *See United States v. Cowan*, 1996 U.S.App. LEXIS 24273 (4th Cir. 1996). In a joint trial, there is always a danger of a conviction based on cumulative evidence rather than the evidence relating to each defendant. *United States v. McLaurin*, 557 F.2d 1064, 1074 (5th Cir. 1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 743, 54 L.Ed.2d 767 (1978).

**Dawn Montgomery's Testimony about Hearsay should be Excluded**

The Government offered, and the Court conditionally admitted, the following out-of-court statements via the witness Dawn Montgomery, over the objections of Mr. Chatfield, Mr. Wilkinson, and Ms. Nicholson:

- The Government's question about a discussion between Mrs. Montgomery and Jayson Montgomery about Mrs. Montgomery's insurance. [Doc. 277, p. 11, ln. 20].

- Mrs. Montgomery's testimony about conversations between her and Maria Valadez. [Doc. 277, p. 20, ln. 3-p. 22, ln. 3].

- Government's Exhibit 37, a text message between Jayson Montgomery and Mrs. Montgomery.[1]

---

[1] Mr. Chatfield's objection was withdrawn based on the Government's agreement that this issue would not be considered against Mr. Chatfield for guilt in this trial or relevant conduct for potential sentencing. [Doc. 277, p. 36]. Additionally, Mr. Hindmon objected under FRE 403.

Based on the foregoing authority, the Government must make an *Enright* showing as to all three prerequisites by the preponderance of the evidence. The Government has the burden of proof. Then, the Court must make a specific *Enright* finding as to each out-of-court statement that has been conditionally admitted in order to admit such evidence over the Defendants' hearsay objections. The Defendants respectfully submit at this juncture that the Government has not shown that a conspiracy to commit a crime exists, that any defendant (or any declarant) has knowingly and intentionally joined such conspiracy, and that these statements are not made in furtherance of any such conspiracy. Furthermore, the text message sent to Ms. Montgomery could not possibly be in furtherance of a conspiracy, as it was a statement made three years after any alleged conspiracy had ended.

Furthermore, as it relates to the testimony of Dawn Montgomery, these hearsay statements cannot be used against Mr. Wilkerson, Mr. Chatfield, and Ms. Nicholson as the statements were not made by any co-conspirator against them. Furthermore, due to the complexity of this case, no hearsay should be admitted into the record at all if it cannot be used against all Defendants as the cumulative effects of such admissions may result in a conviction that is not based upon the evidence that relates to the Defendants individually.

Respectfully submitted this 24th day of September, 2019.

*s/ Zachary R. Walden*
DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010
*Attorneys for Michael Chatfield*

*s/Mark S. Thomas*

MARK S. THOMAS
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
*Attorney for Jerry Wayne Wilkerson*


*s/ Brian L. O'Shaughnessy*

BRIAN L. O'SHAUGHNESSY (BPR #025991)
O'SHAUGHNESSY & CARTER, PLLC
735 Broad Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 267-3807
*Attorney for Kasey Nicholson*

*s/ Gianna Maio*

GIANNA MAIO, (BPR #024579)
FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
(423) 756-4349
*Attorney for Billy Hindmon*


*s/ R. Dee Hobbs*

R. DEE HOBBS, (BPR #10482)
P.O. Box 11308
Chattanooga, Tennessee 37401
(423) 266-6461 (Phone)
(423) 756-8521 (Fax)
*Attorney for Jayson Montgomery*