UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 1:18-cr-11

JERRY WAYNE WILKERSON, *et al*

---

## MOTION TO STRIKE GOVERNMENT MATERIALITY WITNESSES AND INCORPORATED MEMORANDUM OF LAW

Defendant Jerry Wayne Wilkerson ("Wilkerson"), by and through undersigned counsel, hereby files this Motion to Strike the government's witnesses identified as materiality witnesses, pursuant to Rule 7(d), Fed.R.Crim.P., and E.D. Tenn. LR 5.1 and LR 7.1, and as grounds therefore, states the following:

1. The Court set a deadline of May 14, 2019 for the disclosure of expert witnesses in this case in its Discovery and Scheduling Order, pursuant to the arraignment on the government's Second Superseding Indictment.

2. The parties were ordered to notify the Court as to any requests for *Daubert* hearings pertaining to such disclosed experts by June 4, 2019.

3. The undersigned so filed a disclosure of its one expert witness on May 14, 2019, to include a detailed description of matters the expert will testify to at trial, pursuant to the Order of the Court and Fed.R.Crim.P. 16(a)(1)(G).

4. On August 22, 2019, 99 days after the deadline to disclose expert witnesses, and a mere 21 days before trial, the government sent notice to the defendants that the

1

government would call two materiality witness, James Gogue and Steven McCall, along with those witnesses' curriculum vitae.

5. The undersigned is unaware of any procedural standards that pertain to a witness designated as a materiality witness, but the government's notice and production of CVs of these two materiality witnesses, appears to be the attempted disclosures of experts, after the Court's deadline and without the written summary required by Fed.R.Crim.P. 16(a)(1)(G).

6. The undersigned has no objection to the government presenting any fact witnesses.

7. But to the extent that the government's witnesses identified as materiality witnesses are offered in any manner as experts, who will offer opinion testimony at trial, the undersigned moves the Court to strike these two witnesses.

8. In the event that the government is permitted to offer expert testimony without complying with the Court's orders and Rule 16(a)(1)(G), and without properly notifying the defense of the content of such expert testimony, the defendants will be materially and unnecessarily prejudiced and disadvantaged.

WHEREFORE, the government's notice of materiality witness should be stricken pursuant to the Court's Discovery and Scheduling Order and Fed.R.Crim.P. 16(a)(1)(G).

RESPECTFULLY SUBMITTED this 30th day of September, 2019.

  /Mark S. Thomas/
Mark S. Thomas
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
(855) 629-7101 (fax)
mark@thomashlg.com
Counsel for Defendant Jerry Wayne Wilkerson


  /Seth A. Schwartz/
Seth A. Schwartz
Florida Bar No. 0739421
Schwartz Law Group, P.A.
10365 Hood Road South, Suite104
Jacksonville, FL 32257
(904) 292-0222 (office)
(904)-292-0044 (fax)
seth@flaattorney.net
Counsel for Defendant Jerry Wayne Wilkerson


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above pleading was provided via electronic mail to Perry Piper, Esq., United States Attorney's Office, 1110 Market Street, Suite 515, Chattanooga, TN 34702; Perry.Piper@usdoj.gov; David Eldridge, Esq., Eldridge & Blakney, PC, 400 West Church Avenue, Suite 101, Knoxville, TN 37902, deldridge@eblaw.us; Gianna Maio, Esq., Federal Defender Services, One Central Plaza, Suite 600, 835 Georgia Avenue, Chattanooga, TN 37402, Gianna_Maio@fd.org; Brian O'Shaughnessy, Esq., O'Shaughnessy & Carter, PLLC, 735 Broad Street, Suite 1000, Chattanooga, TN 37402, brian@oandcfirm.com; R. Dee Hobbs, Esq., Hamilton County Attorneys' Office, 204 County Courthouse, 625 Georgia Avenue, Chattanooga, TN 37402, bell.hobbslaw@gmail.com; this 30th day of September, 2019.


  /Mark S. Thomas/
Mark S. Thomas

3