UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JERRY WAYNE WILKERSON,<br>MICHAEL CHATFIELD,<br>KASEY NICHOLSON,<br>BILLY HINDMON, and<br>JAYSON MONTGOMERY<br>    Defendants. | Docket No. 1:18-CR-11<br>JUDGE MATTICE<br>MAGISTRATE JUDGE STEGER |

## AMENDED JOINT MOTION FOR ADDITIONAL APPLICABLE LEGAL STANDARDS

Come now the Defendants, Jerry Wayne Wilkerson, Michael Chatfield, Kasey Nicholson, Billy Hindmon and Jayson Montgomery, by and through undersigned counsel, and move this Court to consider additional applicable legal standards. This case is a bench trial, so no jury instructions are explicitly required. However, the Court has shared applicable legal standards that will be considered in deciding the case. The Defendants respectfully submit the following additional standards:

**Good Faith Instruction**

All five defendants assert that the Government has failed to demonstrate fraudulent intent by any defendant. The Sixth Circuit Pattern Jury Instructions note, "If there is any evidence at all of good faith, the court should refer to Instruction 10.04 Fraud – Good Faith Defense." See Sixth Circuit Pattern Instruction 10.01, 10.02, and 10.05. Because the defendants have demonstrated through witness testimony that they were acting in good faith, the Court

should consider the following standard from Sixth Circuit Pattern Jury Instruction 10.04 in connection to Count One, Conspiracy to Commit Health Care Fraud, Counts 2-108, Wire Fraud, Counts 109 through 134, Mail Fraud, Counts 135-140, Health Care Fraud, and Counts 141 through 167, Violation of the Anti-Kickback Statute:

(1) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(2) A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, the defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(3) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(4) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(5) If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

**Material Omission**

Unlike an affirmative misrepresentation that is material, the Sixth Circuit has held that fraudulent pretenses or representations can include omissions, or concealment, "where one says nothing *but has a duty* to speak." *United States v. Maddux*, 917 F.3d 437, 443-446 (6th Cir. 2019). A fair reading of that case, and the summary of the case in the notes to the Sixth Circuit Pattern Jury Instructions, supports that an omission or concealment can only be material under the fraud

statutes when there is an affirmative legal or contractual duty to provide information that was omitted or concealed. The Third Circuit uses such language in its pattern fraud instruction, and Mr. Wilkerson, Mr. Chatfield, Ms. Nicholson, Mr. Hindmon, and Mr. Montgomery respectfully submit that the Court should consider the Third Circuit's standard as articulated in Pattern Instruction 6.18.1341-1 here:

> The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

This standard should be applied to Counts 2 through 140.

**Joining a Conspiracy**

As the Court has properly noted, the elements for conspiracy require proof that the defendant knowingly and voluntarily joined the conspiracy. As to this element, the Sixth Circuit articulates standards relating to a defendant's connection to the conspiracy in Pattern Instruction 3.03. Mr. Wilkerson, Mr. Chatfield, Ms. Nicholson, Mr. Hindmon, and Mr. Montgomery respectfully request that this standard, as articulated in the pattern instructions, be applied here.

> **DEFENDANT'S CONNECTION TO THE CONSPIRACY**
>
> (1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.
>
> (2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played

a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Conclusion**

Based on the foregoing, Mr. Wilkerson, Mr. Chatfield, Ms. Nicholson, Mr. Hindmon, and Mr. Montgomery request that this Court consider the described legal standards in determining the outcome of this case.

Respectfully submitted, this 22nd day of November, 2019.

*s/Mark S. Thomas*

MARK S. THOMAS
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
*Attorney for Jerry Wayne Wilkerson*

*s/ David M. Eldridge*

DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902

(865) 544-2010
*Attorneys for Michael Chatfield*

**s/ Brian L. O'Shaughnessy**
BRIAN L. O'SHAUGHNESSY (BPR #025991)
O'SHAUGHNESSY & CARTER, PLLC
735 Broad Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 267-3807
*Attorney for Kasey Nicholson*

**s/ Gianna Maio**
GIANNA MAIO, (BPR #024579)
FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
(423) 756-4349
*Attorney for Billy Hindmon*

**s/ R. Dee Hobbs**
R. DEE HOBBS, (BPR #10482)
P.O. Box 11308
Chattanooga, Tennessee 37401
(423) 266-6461 (Phone)
(423) 756-8521 (Fax)
*Attorney for Jayson Montgomery*